FILED

2020 Nov-17  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JASON HADDON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** |
| ) | |
| **JESSE STUTS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

## I.     INTRODUCTION

1.     This is an action for declaratory judgment, equitable relief, and money damages instituted to secure the protection and redress the deprivation of rights secured through the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq) and the Emergency Paid Sick Leave Act.

## II.     JURISDICTION and VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

## III.     PARTIES

4.     Plaintiff is over the age of nineteen, a citizen of the United States, and a full-time employee of Jesse Stutts, Inc., as defined by the Fair Labor Standards Act.

5.     Defendant Jesse Stutts, Inc., is an employer as defined by the Fair Labor Standards Act and is located in Huntsville, Alabama.

## IV.     FACTS and CAUSES OF ACTION

6.     Plaintiff went to work for the Defendant on June 24, 2019.

Haddon v. Jesse Stutts, Inc.
Complaint
Page 2 of 8

_____

7.     On July 16, 2020, Plaintiff's wife tested positive for COVID-19 and Plaintiff immediately disclosed this to the Defendant.

8.     Plaintiff quarantined with his children in a camper the weekend of July 17-19.

9.     On July 20, 2020, Plaintiff took off work to care for his wife and children and was paid two-thirds of his pay as required by the Emergency Paid Sick Leave Act.

10.     Plaintiff's wife was ill and quarantined due to COVID-19 from July 17 through July 30, 2020.

11.     Plaintiff's child care provider was unavailable from July 17 through July 30, 2020.

12.     Defendant was eligible to receive 2/3 of his pay for up to 80 hours to stay home to take care of his wife and children from July 17 through July 30, 2020.

13.     Defendant told Plaintiff he would not be paid unless he returned to work on July 21, 2020.

14.     Plaintiff returned to work on July 21, 2020, and disclosed that he had been exposed to his wife who had tested positive for COVID-19 while taking care of his wife and his children.

15.     Defendant sent the Plaintiff home on July 21, 2020, after Plaintiff had only worked four hours of his shift.

16.     On July 22, 2020, the Defendant called the Plaintiff and told him to come to the Defendant's office on July 23, 2020, and bring the keys to the company truck with him.

17.     On July 23, 2020, the Defendant terminated the Plaintiff's employment with the Defendant.

Haddon v. Jesse Stutts, Inc.
Complaint
Page 3 of 8

_____

18.     Defendant denied Plaintiff 2/3 of his pay for seventy hours of work between July 21 and July 30, 2020.

19.     Defendant terminated Plaintiff because (1) he took time off to take care of his wife who was quarantined due to a COVID-19 diagnosis and/or (2) took time off to take care of his children because the childcare provider of his children was unavailable due to COVID-19.

**COUNT I - SICK LEAVE**

20.     Plaintiff is a full-time employee of the Defendant as defined by the FLSA and the Emergency Paid Sick Leave Act.

21.     Defendant is an employer as as defined by the FLSA and the Emergency Paid Sick Leave Act.

22.     On July 16, 2020, Plaintiff's wife tested positive for COVID-19 and Plaintiff immediately disclosed this to the Defendant.

23.     Plaintiff's wife was ill and quarantined due to COVID-19 from July 17 through July 30, 2020.

24.     Plaintiff's child care provider was unavailable from July 17 through July 30, 2020.

25.     Plaintiff was entitled to 2/3 of his regular pay for 80 hours of paid sick leave to care for his wife who was ill and quarantined as the result of COVID-19 and to care for his children because the childcare provider of his children was unavailable due to COVID-19.

26.     Defendant denied Plaintiff 2/3 of his regular pay for 70 hours of paid sick leave to care for his wife who was ill and quarantined as the result of COVID-19 and to care for his children

Haddon v. Jesse Stutts, Inc.
Complaint
Page 4 of 8

_____

because the childcare provider of his children was unavailable due to COVID-19.

27.     Plaintiff has suffered loss of income as a result of the Defendant's willful violations of the FLSA and the Emergency Paid Sick Leave Act.

## COUNT II - TERMINATION

28.     Plaintiff is a full-time employee of the Defendant as defined by the FLSA and the Emergency Paid Sick Leave Act.

29.     Defendant is an employer as defined by the FLSA and the Emergency Paid Sick Leave Act.

30.     On July 16, 2020, Plaintiff's wife tested positive for COVID-19 and Plaintiff immediately disclosed this to the Defendant.

31.     Plaintiff's wife was ill and quarantined due to COVID-19 from July 17 through July 30, 2020.

32.     On July 20, 2020, Plaintiff took off work to care for his wife and was paid two-thirds of his pay as required by the Emergency Paid Sick Leave Act.

33.     On July 23, 2020, the Defendant terminated the Plaintiff's employment with the Defendant.

34.     Defendant terminated Plaintiff because Plaintiff took one day off work pursuant to the FLSA and the Emergency Paid Sick Leave Act to take care of his wife who was ill and quarantined due to a COVID-19 diagnosis.

35.     Plaintiff has suffered loss of income as a result of the Defendant's willful violations of the FLSA and the Emergency Paid Sick Leave Act.

## COUNT III - TERMINATION

36.     Plaintiff is a full-time employee of the Defendant as defined by the FLSA and the Emergency Paid Sick Leave Act.

37.     Defendant is an employer as as defined by the FLSA and the Emergency Paid Sick Leave Act.

38.     On July 16, 2020, Plaintiff's wife tested positive for COVID-19 and Plaintiff immediately disclosed this to the Defendant.

39.     Plaintiff's wife was ill and quarantined from July 17 through July 30, 2020, due to COVID-19.

40.     Plaintiff's wife is the childcare provider for Plaintiff's children and was unavailable from July 17 through July 30, 2020.

41.     On July 20, 2020, Plaintiff took off work to care for his children and was paid two-thirds of his pay as required by the Emergency Paid Sick Leave Act.

42.     On July 23, 2020, the Defendant terminated the Plaintiff's employment with the Defendant.

43.     Defendant terminated Plaintiff because Plaintiff took one day off work pursuant to the FLSA and the Emergency Paid Sick Leave Act to take care of his children because their childcare provider was unavailable due to COVID-19.

Haddon v. Jesse Stutts, Inc.
Complaint
Page 6 of 8
_____

44.     Plaintiff has suffered loss of income as a result of the Defendant's willful violations of the FLSA and the Emergency Paid Sick Leave Act.

## COUNT III - TERMINATION

45.     Plaintiff is a full-time employee of the Defendant as defined by the FLSA and the Emergency Paid Sick Leave Act.

46.     Defendant is an employer as as defined by the FLSA and the Emergency Paid Sick Leave Act.

47.     On July 16, 2020, Plaintiff's wife tested positive for COVID-19 and Plaintiff immediately disclosed this to the Defendant.

48.     Plaintiff's wife was ill and quarantined from July 17 through July 30, 2020, due to COVID-19.

49.     Plaintiff's wife is the childcare provider for Plaintiff's children and was unavailable from July 17 through July 30, 2020.

50.     Plaintiff was entitled to 2/3 of his regular pay for 80 hours of paid sick leave to care for his wife who was ill and quarantined as the result of COVID-19 and to care for his children because the childcare provider of his children was unavailable due to COVID-19.

51.     On July 23, 2020, the Defendant terminated the Plaintiff's employment with the Defendant.

52.     Defendant terminated Plaintiff in lieu of paying Plaintiff 2/3 of his regular pay for 70 hours of paid sick leave to care for his wife who was ill and quarantined as the result of COVID-19

Haddon v. Jesse Stutts, Inc.
Complaint
Page 7 of 8

_____

and to care for his children because the childcare provider of his children was unavailable due to COVID-19 in violation of the FLSA and the Emergency Paid Sick Leave Act.

53.     Plaintiff has suffered loss of income as a result of the Defendant's willful violations of the FLSA and the Emergency Paid Sick Leave Act.

## V.      PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will take jurisdiction over this action and after a trial on the merits:

A.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant have violated the rights of the Plaintiff as secured by the FLSA and the Emergency Paid Sick Leave Act;

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate the FLSA and the Emergency Paid Sick Leave Act;

C.      Enter an Order requiring the Defendant to make the Plaintiff whole by reinstating Plaintiff into the position he would have occupied in the absence of the Defendant's violations of the FLSA and the Emergency Paid Sick Leave Act  and awarding him lost wages, liquidated damages, and reinstatement; and

D.      Plaintiff further prays for such other relief and benefits as the cause of justice may require including, but not limited to an award of costs, attorneys' fees, and expenses.

Haddon v. Jesse Stutts, Inc.
Complaint
Page 8 of 8

_____

                                        Respectfully submitted,

                                        /s/Scott A. Gilliland_____
                                        Scott A. Gilliland, Counsel for Plaintiff
                                        ASB-6604-L67S

Law Office of Scott Gilliland
400 Vestavia Parkway Suite 100
Vestavia Hills, Alabama 35216
Telephone:  205.978.8800
E-mail: scott@scottgilliland.net

**Defendant's Address:**

Jesse Stutts, Inc.
3414 9th Ave, SW
Huntsville, AL  35805


**Plaintiff will issue a Notice of Lawsuit and Request for Waiver of Service of Summons to the Defendant.**