FILED
2021 Jul-22  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JASON HADDON, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 5:20-cv-01830-HNJ |
| | ) | |
| JESSE STUTTS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

This case proceeds before the court on Defendant Jesse Stutts Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 5).  As discussed herein, Plaintiff Jason Haddon alleged sufficient facts to support plausible claims for relief under the Emergency Paid Sick Leave Act (EPSLA).  Accordingly, the court will deny the Motion to Dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim for which relief may be granted.   In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court revisited the applicable standard governing Rule 12(b)(6) motions to dismiss.   First, courts must take note of the elements a plaintiff must plead to state the applicable claims at issue.   *Id.* at 675.

1

After establishing the elements of the claim at issue, the court identifies all well-pleaded, non-conclusory factual allegations in the complaint and assumes their veracity. *Id.* at 679.   Well-pleaded factual allegations do not encompass mere "labels and conclusions," legal conclusions, conclusory statements, or formulaic recitations and threadbare recitals of the elements of a cause of action.    *Id.* at 678 (citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court may draw reasonable inferences in the plaintiff's favor.    *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

Third, a court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements.    *Iqbal*, 556 U.S. at 678.   Plausibility ensues "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the analysis involves a context-specific task requiring a court "to draw on its judicial experience and common sense."    *Id.* at 678, 679 (citations omitted).   The plausibility standard does not equate to a "probability requirement," yet it requires more than a "mere possibility of misconduct" or factual statements that are "merely consistent with a defendant's liability."    *Id.* at 678, 679 (citations omitted).

**FACTUAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

Plaintiff, Jason Haddon, alleges he began working full-time for Defendant, Jesse Stutts, Inc. ("JSI"), on June 24, 2019.   On July 16, 2020, Haddon's spouse, the family's

primary child care provider, tested positive for COVID-19.   Haddon immediately
disclosed his spouse's diagnosis to JSI, and he quarantined with his children in a camper
during the weekend of July 17-19, 2020.   On July 20, 2020, Haddon took off work to
care for his spouse and children, and JSI paid Haddon two-thirds of his regular pay for
that day.   (Doc. 1, ¶¶ 6-9, 40).

Haddon's spouse suffered COVID-19 until July 30, 2020, and she remained
quarantined for the duration of her illness.   Because she served as the family's primary
child care provider, the family lacked child care during her quarantine.   (*Id.* ¶¶ 10-11,
40).   JSI informed Haddon he would not receive any additional pay unless he returned
to work on July 21, so he returned on that date; yet, he "disclosed that he had been
exposed to his wife who tested positive for COVID-19 while taking care of his wife
and his children."   (*Id.* ¶¶ 13-14).   JSI then sent Haddon home on July 21, 2020, after
he had worked only four hours of his shift.   (*Id.* ¶ 15).   On July 22, 2020, JSI called
Haddon "and told him to come to the Defendant's office on July 23, 2020, and bring
the keys to the company truck with him."   (*Id.* ¶ 16).   On July 23, 2020, JSI terminated
Haddon's employment.   (*Id.* ¶ 17).

Haddon avers JSI denied him two-thirds of his pay for 70 hours of work between
July 21 and July 30, 2020.   (Doc. 1, ¶ 18).   He also claims JSI terminated his
employment "because he (1) took time off to take care of his [spouse] who was
quarantined due to a COVID-19 diagnosis and/or (2) took time off to take care of his

3

children because the childcare provider of his children was unavailable due to COVID-19." (*Id.* ¶ 19). He contends JSIs' actions violated the Emergency Paid Sick Leave Act (EPSLA), a section of the Families First Coronavirus Response Act (FFCRA). Specifically, Haddon asserts one claim for denial of paid sick leave (Count I) and three claims based upon the termination of his employment: one for alleged retaliation because he took off work to provide care to his spouse (Count II); one for alleged retaliation because he took off work to provide care to his children (Count III); and one alleging JSI terminated him to avoid providing him with paid sick leave (also designated Count III). (*Id.* ¶¶ 20-53).

## DISCUSSION

EPSLA, effective April 1 through December 31, 2020,[1] required an employer to provide an employee with up to 80 hours of paid sick leave when the employee could not work or telework because:

(1) The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19.

(2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.

(3) The employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis.

---

[1] *See* Families First Coronavirus Response Act (FFRCA), Pub L. 116-127, §§ 5108, 5109, 134 Stat 178, 198; 29 C.F.R. § 826.10(b)(1).

(4) The employee is caring for an individual who is subject to an order as described in subparagraph (1) or has been advised as described in paragraph (2).

(5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID-19 precautions.

(6) The employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

Families First Coronavirus Response Act (FFCRA), Pub. L. 116-127, § 5102(a), 134 Stat 178, 195-96 (2020); *see also id.* § 5102(b)(2)(A), 134 Stat at 196 (requiring 80 hours of paid sick leave for a full-time employee).[2]   Haddon's claims arise from the fourth and fifth circumstances the statute addresses:   caring for an individual, his spouse, who quarantined due to a COVID-19 diagnosis, and caring for his children because his spouse, their usual child care provider, contracted COVID-19.

When an employee took time to off to care for family members, as discussed in §§ 5102(a)(4)-(5), the statute required the employer to pay two-thirds of the employee's regular hourly rate. *Id.* § 5110(5)(B)(ii), 134 Stat at 200.   After the first workday, or portion of a workday, on which an employee received paid sick leave under EPSLA,

---

[2] The statute provides specific definitions for the terms "Employee" and "Employer." *See id.* §§ 5110 (1)-(2), 134 Stat at 198-99.   The Complaint alleges that Haddon constitutes an Employee under the statute, and that Defendant constitutes an Employer.   (Doc. 1, ¶¶ 4-5).   Defendant has not challenged those allegations.

5

the employer could "require the employee to follow reasonable notice procedures in order to continue receiving such paid sick time." *Id.* § 5110(5)(E), 134 Stat at 201.

The United States Department of Labor's regulations interpreting EPSLA elaborated upon the notice requirements. *See id.* § 5111, 134 Stat at 201 (granting the Secretary of Labor authority to issue regulations in good cause to carry out the purpose of the Act). According to the regulations, the reasonableness of an employer's notice procedures would "be determined under the facts and circumstances of each particular case." 29 C.F.R. § 826.90(a)(1). The regulations "encourage[d], but d[id] not require, Employees to notify Employers about their request for Paid Sick Leave or Expanded Family and Medical Leave as soon as practicable." *Id.* § 826.90(a)(1)-(2). When an employee failed to give proper notice, "the Employer should give him or her notice of the failure and an opportunity to provide the required documentation prior to denying the request for leave." *Id.* The employer could not require advance notice of an employee's need for leave, but could require notice "as soon as practicable under the facts and circumstances of the particular case" after the first workday on which the employee took leave. *Id.* § 826.90(b).

Verbal notice of the need for leave would suffice under the regulations, but the employer could require the employee to provide "sufficient information for an Employer to determine whether the requested leave is covered by the EPSLA . . . ." *Id.* § 826.90(c). Moreover, the employer generally could "require the Employee to

comply with the Employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." *Id.* § 826.90(d).

The regulations also required an employee to provide certain information to support his request for EPSLA leave. Any employee requesting leave needed to provide his name, the date(s) for which he requested leave, the qualifying reason for the leave, and an "[o]ral or written statement that the Employee is unable to work because of the qualified reason for leave." 29 C.F.R. § 826.100(a). An employee who requested leave to care for a child due to the COVID-related unavailability of the child's usual care provider needed to provide the name of the child, the name of the unavailable child care provider, and "[a] representation that no other suitable person will be caring for the Son or Daughter during the period for which the Employee takes" leave. *Id.* § 826.100(e).

The EPSLA also prohibited employers from "discharg[ing], disciplin[ing], or in any other manner discriminat[ing] against any employee who . . . takes leave in accordance with this Act." Pub. L. 116-127, § 5104(1), 134 Stat at 196-97. The EPSLA deemed any violations of its provisions equivalent to a violation of the minimum wage and anti-retaliation provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq. Id.* § 5105, 134 Stat at 197; *see also Colombe v. SGN, Inc.*, No. 5:20-CV-374-REW, 2021 WL 1198304, at *3 (E.D. Ky. Mar. 29, 2021) (citing *Kofler v. Sayde Steeves Cleaning Serv., Inc.*, No. 8:20-CV-1460-T-33AEP, 2020 WL 5016902, at *2

7

(M.D. Fla. Aug. 25, 2020)) ("Conceptually, then, FFCRA retaliation 'may be brought under the FLSA.'").

## I.   Haddon's Complaint Contains Sufficient Facts to Plausibly Allege Claims for Denial of Paid Leave Under the EPSLA

JSI argues Haddon failed to plead sufficient facts to support his entitlement to EPSLA paid leave.[3]  JSI does not contest the pleading's demonstration that Haddon's leave, if he provided proper notice, would satisfy the basic requirements of the EPSLA. Indeed, Haddon, a full-time employee, alleges JSI denied him paid leave to care for his spouse and children after his spouse, who served as the children's usual care provider, contracted COVID-19 and quarantined due to the illness.   He also alleges JSI terminated his employment to avoid providing him with paid leave.   Those claims involve circumstances the statute protects.

Rather, JSI contends Haddon failed to plead sufficient allegations to demonstrate his satisfaction of the regulatory requirements to provide notice of his need for leave pursuant to 29 C.F.R. § 826.90 and documentation to support his leave request pursuant to 29 C.F.R. § 826.100.   According to JSI, "there is nothing in the complaint to indicate that [JSI] had any knowledge of Haddon's alleged situation beyond the fact that he requested, and was granted, Paid Sick Leave on July 20, 2020," and Haddon cannot

---

[3] This argument addresses the first and last claims in Haddon's Complaint (Count I and the second "Count III").

plausibly allege that he was "denied 2/3 of his pay for seventy hours of work between July 21 and July 30, 2020" where he failed to even request Paid Sick Leave under the EPSLA for those dates and failed to provide [JSI] with the notice and documentation required to take such Paid Sick Leave.   (Doc. 6, at 8-9).

The court disagrees with JSI and finds Haddon pleaded sufficient facts to state a plausible claim for violation of the EPSLA.

First, the court can reasonably infer from Haddon's allegations that he provided JSI with notice of his need to take EPSLA leave.   Haddon informed JSI of his spouse's COVID-19 diagnosis, which established notice that EPSLA could cover his leave request.   He does not specifically allege that he invoked EPSLA when he requested leave, but the court may reasonably infer the initiation of an EPSLA leave request based upon Haddon's allegation that JSI paid him EPSLA leave benefits on July 20, 2020. The court may also reasonably infer that Haddon requested additional paid leave after July 20, 2020, which JSI denied, based upon Haddon's allegation JSI would not pay him unless he returned to work on July 21, 2020.

Therefore, the court may reasonably infer JSI received notice that Haddon's request for additional leave fell under EPSLA because JSI had granted Haddon EPSLA leave the previous day, and JSI knew about Haddon's spouse's COVID-19 diagnosis. In addition, even though the regulations permit an employer to require employees requesting EPSLA leave to follow the employer's usual procedures for requesting leave,

JSI has not identified any procedures that Haddon allegedly failed to follow, or even argued that it required employees requesting EPSLA leave to follow the typical procedures.

Even though the Complaint does not specifically recite Haddon provided the information required by 29 C.F.R. § 100(a) & (e), it does contain sufficient allegations to warrant the plausible inference that Haddon satisfied the requirement:  JSI knew Haddon's name, that he needed to take leave for some period of time (reasonably inferred based upon the allegation JSI instructed Haddon to return to work on July 21, 2020), and the reasons he needed to take leave, including to provide care for his children.  *See Mack v. City of High Springs*, 486 F. App'x 3, 6 (11th Cir. 2012) ("To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead 'either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'") (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam).   As explicated below, those allegations suffice at the pleading stage given the flexibility of the statutory scheme and the liberal pleading standard for comparable FLSA cases.

The regulations do not establish strict notice requirements (nor can they, for that matter).   Rather, they allow the employee flexibility to provide notice of the need for leave "as soon as practicable," and they permit the "facts and circumstances of the particular case" to govern the reasonableness of an employee's notice.   29 C.F.R. §§

826.90(a)(1)-(2), 826.90(b).   Verbal notice of the need for leave suffices, as long as the employee provides sufficient information for his or her employer to determine whether the EPSLA covers the leave request.   29 C.F.R. § 826.90(c).   Due to the flexibility afforded employees seeking EPSLA leave, the court will not require Haddon to strictly plead satisfaction of every regulatory requirement in order to state a viable EPSLA cause of action.   *See Gracia v. L. Offs. of Alexander E. Borell, P.A.*, No. 6:20-CV-1544-PGB-GJK, 2021 WL 1881664, at *4 (M.D. Fla. Apr. 19, 2021) ("The Act strives to shield employees from COVID-19-related discrimination – not insulate employers from EPSLA lawsuits.").

As EPSLA adopts the enforcement mechanisms of the FLSA, the court also finds persuasive case law discussing the pleading requirements for FLSA cases.   As another district court within the Eleventh Circuit has observed:

> A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.*, [No. 08-2473-JWL,] 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim").

*Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012).   "To state a claim for an FLSA violation, '[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered

employees.'" *Wooldridge v. Gateway Transportation of Georgia, Inc.*, No. 4:19-CV-0053-HLM-WEJ, 2019 WL 2610904, at *3 (N.D. Ga. June 24, 2019), *report and recommendation adopted*, No. 4:19-CV-0053-HLM-WEJ, 2019 WL 5549274 (N.D. Ga. July 12, 2019) (quoting *Labbe*, 319 F. App'x at 763) (alteration in original).

The foregoing authority confirms the allegations necessary to plead EPSLA cases, which share a legal foundation with FLSA cases.   As with the FLSA, allegation that an employer failed to pay sick leave to an employee qualifying for EPSLA should suffice to survive a motion to dismiss an EPSLA claim. Haddon pleaded those foundational facts in his Complaint.

In summary, Haddon has alleged plausible claims for denial of paid leave under the EPSLA.   Those claims will survive JSI's motion to dismiss and proceed to discovery.

## II.    Haddon's Complaint Contains Sufficient Allegations to Plausibly Allege Claims for Retaliation Under the EPSLA

JSI also argues Haddon failed to plead sufficient factual allegations to support a claim for retaliatory termination pursuant to EPSLA.[4]   As an EPSLA violation equates to an FLSA violation, a plaintiff asserting an EPSLA retaliation claim must satisfy the same requirements as a plaintiff asserting a claim for FLSA retaliation.   *See Colombe*, 2021 WL 1198304, at *3 (citing *Kofler*, 2020 WL 5016902, at *2) ("Conceptually, then,

---

[4] This argument addresses the second and third claims in Haddon's Complaint (Counts II and III).

FFCRA retaliation 'may be brought under the FLSA.'").    In the Eleventh Circuit, a plaintiff satisfies those requirements by portraying:    "(1) []he engaged in activity protected under [the] act; (2) []he subsequently suffered adverse action by the employer; and (3) a causal connection existed between [his] activity and the adverse action." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) (second alteration in original) (citations omitted).

JSI does not contest that Haddon pleaded sufficient allegations to satisfy the first and second elements of a retaliation claim.    Indeed, as discussed, the court finds Haddon adequately pleaded he requested leave pursuant to the EPSLA, yet JSI did not provide him with paid leave.    Moreover, regardless of the adequacy of Haddon's pleading of his EPSLA leave-denial claim, Haddon also alleges that he took at least one day of EPSLA-protected leave on July 20, 2020, to care for his spouse and children, an activity the statute explicitly protects.    *See* Pub. L. 116-127, § 5104(1), 134 Stat at 196-97 (prohibiting employers from "discharg[ing], disciplin[ing], or in any other manner discriminat[ing] against any employee who . . . takes leave in accordance with this Act").

Haddon also alleges that JSI terminated his employment on July 23, 2020, three days after he took protected leave.    Termination unquestionably constitutes an adverse action.    *See Munoz v. Selig Enterprises, Inc.*, 981 F.3d 1265, 1276 (11th Cir. 2020) (citing *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234-35 (11th Cir. 2010)) ("Ms. Munoz suffered an adverse employment action because Selig terminated her."); *Henry v. Wells*

*Remodeling, LLC*, No. 2:16-CV-00511-SGC, 2019 WL 142305, at *10 (N.D. Ala. Jan. 9, 2019) (citing *Blue v. Dunn Const. Co.*, 453 F. App'x 881, 884 (11th Cir. 2011) ("The defendants do not argue, and it is beyond dispute, termination is an adverse action for purposes of maintaining an FLSA retaliation claim.").

In addition, by stating the dates of his protected his leave and his subsequent termination (which fell three days apart), he has pleaded sufficient facts to plausibly support a causal connection between the first two elements.   As the Eleventh Circuit has recognized, "[t]emporal proximity may be evidence supporting a retaliation claim." *Palmer v. Stewart Cty. Sch. Dist.*, 178 F. App'x 999, 1003 (11th Cir. 2006) (citing *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004)); *see also Smith v. Constr. Datafax, Inc.*, 871 F. Supp. 2d 1226, 1239 (N.D. Ala. 2012) (citing *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1337 (11th Cir. 1999)) ("Under the Eleventh Circuit case law, three days is clearly sufficient temporal proximity to establish causal connection for the prima facie case.").

JSI asserts the allegations of Haddon's Complaint do not demonstrate a causal connection because

> [i]t is not plausible that JSI would grant Haddon leave under the EPSLA, require him to return to work, allow him to work four hours, send him home after he admitted to being exposed to his COVID-19 positive [spouse], and then terminate him because he took the very same Paid Sick Leave it previously approved.

(Doc. 6, at 11-12).   But those arguments address the weight to be afforded Haddon's theory of liability, not the sufficiency of the allegations of his Complaint.   Haddon

14

ultimately must persuade the finder of fact that JSI's actions constituted unlawful retaliation, but for now, he has adequately alleged retaliation claims in Counts II and II, and the court will allow those claims to proceed to discovery.

## CONCLUSION AND ORDER

For the foregoing reasons, the court **DENIES** JSI's Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the court **ORDERS** JSI to file its Answer to the Complaint within fourteen (14) days of the date of this order.

**DONE** and **ORDERED** this 22nd day of July, 2021.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE